**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10cr32**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| WILLIE JERMILLE CHAPPELL (5). ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's Notice of Appeal of Detention Order. [Doc. 133].

**I.    PROCEDURAL BACKGROUND**

On June 1, 2010, the Defendant was charged along with twelve other co-defendants in a Bill of Indictment with conspiracy to possess with intent to distribute 50 or more grams of crack cocaine and more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One), and use of a communication facility in furtherance of the drug conspiracy, in violation of 21 U.S.C. § 843(b) (Count Two). The Defendant's arraignment was held before the Honorable Dennis L. Howell,

United States Magistrate Judge, on June 24, 2010, at which time the Government requested detention, and a detention hearing was held.

At the hearing, the Government presented evidence to show that the Defendant has been charged with conspiracy to possess and distribute cocaine and cocaine base; that the DEA had confirmed through the use of wiretaps that the Defendant was involved in selling cocaine and cocaine base to a person in McDowell County who was then selling to other persons; and that the Defendant had confessed to his role in the drug conspiracy. Additionally, the Government proffered evidence that the Defendant was unemployed at the time of his arrest, and that he has an extensive criminal history, including 29 misdemeanor convictions and one felony conviction.

The Defendant presented the testimony of his mother, Sandra Chappell, and his uncle, Roderick Sanders, in order to establish that he has strong ties to the community and the support of his family. In addition, the Defendant's counsel argued that none of the Defendant's prior convictions involved the use of a weapon, violence or assaultive behavior.

Judge Howell concluded that probable cause existed to believe that the Defendant had committed a crime which creates a rebuttable

presumption of detention under 18 U.S.C. § 3142(e)(3)(A). After reviewing the evidence, Judge Howell found that the Defendant had not rebutted this presumption of detention and ordered the Defendant detained pending trial. [Order of Detention, Doc. 114 at 4]. This appeal followed.

II.     **STANDARD OF REVIEW**

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

## III. ANALYSIS

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1). There is a rebuttable presumption of detention when an offense is charged "for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol

>     abuse, criminal history, and record concerning appearance at court proceedings; and
>
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Upon reviewing the evidence presented at the detention hearing, the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that detention is warranted in this case. Based upon the evidence presented by the Government, the Court finds and concludes that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, thus giving rise to a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. See 18 U.S.C. § 3142(e)(3)(A). The Court further finds and concludes that the Defendant has failed to rebut this presumption. The Defendant has an

extensive criminal history, including twenty-nine misdemeanor convictions and one felony conviction. His felony conviction and fifteen of his misdemeanor convictions involve the possession of controlled substances. Furthermore, while the Defendant has extensive family ties and strong ties to the local community, the Court also notes that the Defendant was unemployed at the time of his arrest and has a history of daily marijuana abuse.

Having conducted an independent review of the FTR recording of the detention hearing, the Order of Detention, and the Pretrial Services Report, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered each factor set forth in 18 U.S.C. § 3142(g) and properly concluded that the Defendant has not rebutted the presumption of detention. Accordingly, the Court will affirm the Defendant's detention pending trial.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of the Detention Order [Doc. 133] is **DENIED**, and the Order of Detention [Doc. 114] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: August 3, 2010

Martin Reidinger
United States District Judge