# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:10-cr-00032-MR-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WILLIE JERMILLE CHAPPELL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 [Doc. 463] and the Government's Motion to Seal [Doc. 465].

**I.    BACKGROUND**

In June 2010, the Defendant Willie Jermille Chappell was charged along with 12 co-defendants with conspiracy to possess with intent to distribute cocaine and cocaine base, and other narcotics offenses. [Doc. 3]. In October 2010, the Defendant pled guilty to that conspiracy. [Doc. 198]. As calculated in the Presentence Report, the Defendant was responsible for in excess of 2.8 kilograms of cocaine base, and received a four-level enhancement for his role as an organizer or leader of the criminal activity. [Doc. 257: PSR at ¶¶ 35, 38]. With a criminal history category of III, his

advisory sentencing guidelines range was 262-327 months. [Id. at ¶ 98]. The Government filed motion for a downward departure prior to sentencing. [Doc. 305]. On July 7, 2011, the Court sentenced the Defendant to 210 months of imprisonment. [Doc. 311].

In 2016, the Court reduced the defendant's sentence pursuant to Amendment 782, imposing a new sentence of 168 months. [Doc. 435]. The Defendant is currently incarcerated at FCI Yazoo City Low, and his projected release date is August 5, 2022.[1]

The Defendant, through counsel, filed his first motion for compassionate release with this Court on February 11, 2021, [Doc. 459], but withdrew that motion on March 10, 2021, [Doc. 461]. On April 27, 2021, the Defendant, through counsel, filed his instant motion for a sentence reduction and compassionate release. [Doc. 463]. The Court directed the Government to respond to the Defendant's motion. [Text-Only Order dated Apr. 28, 2021]. The Government filed its Response on May 21, 2021. [Doc. 464]. The Defendant was afforded an opportunity to file a reply [see Text-Only Order dated May 21, 2021], but no reply was filed.

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 16, 2021).

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government does not contest that the Defendant has sufficiently exhausted his administrative remedies with BOP by requesting compassionate release from the Warden. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must

3

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. The Defendant bears the

burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant argues that extraordinary and compelling reasons warrant a reduction in his sentence because "COVID-19 is widespread in the federal BOP" and because the Defendant "is imprisoned in a BOP facility with past and current serious COVID-19 infections." [Doc. 463 at 7]. The Defendant, however, cites no health conditions that would make him particularly susceptible to severe illness or death from the novel coronavirus. The Court further notes that, contrary to the Defendant's argument, the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has begun the process of vaccinating inmates, which will offer inmates further protection from the virus.[2] Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or

---

[2] The Defendant was offered, but refused, the COVID-19 vaccine. [Doc. 466-1 at 16].

5

detained based on judicial orders. Given BOP's efforts, the fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was extremely serious. The Defendant was an organizer and leader of a criminal conspiracy involving the distribution of at least 2.8 kilograms of cocaine base over a period of four months. Both at the time of his initial sentencing, and then later when he was resentenced as a result of Amendment 782, the Court considered all the § 3553(a) factors in imposing a sentence below the advisory guideline range.

6

The Defendant has cited no new information not previously known to the Court, nor any change of circumstances, that would merit a reduced sentence now.

The Defendant's behavior while in prison also counsels against his early release. The Defendant suggests in his motion that pandemic-based lockdowns have negatively affected his "rehabilitative efforts while in prison." [Doc. 463 at 7]. BOP records show that on three occasions, two of them before the pandemic began, the Defendant was disciplined for infractions, including "Destroy/dispose item-search" resulting in a disciplinary hearing and punishment on June 9, 2020; "Destroy Prop $100 or less" resulting in a hearing and punishment on January 21, 2018; and "Used drugs/narcotics not prescribed by medical staff" resulting in a hearing and punishment on January 17, 2018. [Doc. 464-3].

In light of the serious nature of the Defendant's offense and his post-sentencing conduct, the Court finds that the relevant § 3553(a) sentencing factors, including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the

public from the Defendant's further crimes, counsel against a further reduction of the Defendant's sentence.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

## B. Motion to Seal

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 739] filed in support of its Response to the Defendant's Motion for Compassionate Release. [Doc. 741].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on May 21, 2021, and such motion has been accessible to the public through

the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 [Doc. 463] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 465] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 466] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: July 20, 2021

Martin Reidinger
Chief United States District Judge